IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOZENA KOSIBA,                          :
    Plaintiff,                        :
                                                  :

    v.                                :    CIVIL ACTION NO. 23-CV-2730
                                                  :

THOMAS JEFFERSON UNIVERSITY             :
HOSPITAL., *et al.*                     :
    Defendants.                       :

**MEMORANDUM**

**GOLDBERG, J.**                                              **SEPTEMBER 20, 2023**

Bozena Kosiba, a citizen of New Jersey, has filed a *pro se* Complaint on July 14, 2023, alleging civil rights violations and state law claims. The Complaint names as Defendants Thomas Jefferson University Hospital ("TJUH"), and its Emergency Department in Philadelphia, Thomas Jefferson Hospital in Cherry Hill, New Jersey ("TJCH"), the Cherry Hill Police Department, T.J. Maxx, Lori Greenberg & Associates, Wainco LLC, Virtua Our Lady of Lourdes Hospital ("Virtua"), and America's Best Contacts and Eyeglasses ("ABCE").[1] (Complaint ("Compl.") (ECF No. 2)). Kosiba also seeks leave to proceed *in forma pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Kosiba leave to proceed *in forma pauperis* and dismiss the Complaint.

---

[1] Kosiba listed this Defendant in the caption as "Amerycan Best Contact Eyeglasses." Since she uses "America's Best Contacts and Eyeglasses" in the body of the Complaint, the Clerk will be directed to correct the spelling on the docket. Kosiba also listed Wainco LLC as a Defendant in the caption of her Complaint, but the Clerk failed to list that entity as a Defendant on the docket. The Clerk will be directed to correct this error.

I.      **FACTUAL ALLEGATIONS**[2]

Kosiba's allegations are not easily understood.  She cites the Fifth, Sixth, and Thirteenth

Amendments, the Americans with Disabilities Act ("ADA"), as well as the Health Insurance

Portability and Accountability Act of 1996 ("HIPAA") as a basis for federal law claims, and also

seeks to invoke the Court's diversity jurisdiction to bring claims under state law.  (Compl. at 3-4.)

Kosiba asserts that she has been followed, held as a slave, and been a victim of domestic violence,

that her husband disappeared, that her physical appearance has been changed, and that her

daughter's physical appearance was changed so that Kosiba could not recognize her.  (*Id*. at 3-4.)

She alleges she was subjected to harassment by an x-ray technician at TJCH during an emergency

visit on April 12, 2021.  (*Id*. at 8.)  Apparently, she was at TJCH because something was sprayed

at her while she was at work at T.J. Maxx.  (*Id*.)  She also alleges that the next day, April 13, 2021,

she was harassed by a manager at T.J. Maxx named Pam O'Neil.  (*Id*.; *see also id.* at 4 (stating

"someone at work was hostile and I got harassed by manager Pamela Oneil [indecipherable]

obscene picture.").)  Apparently, Kosiba believes she is "owned" by a person named Mr. Bari,

who purchased her from the "Wainco Dynasty."  (*Id*. at 8.)  She also appears to claim her parents

are Queen Elizabeth and a Russian prince named Felix Ysupov.  (*Id*. at 9.)

Kosiba visited the TJUH Emergency Department on June 3, 2021, due to neck pain.  (*Id*.)

She also visited TJCH on March 29, 2021, due to a seizure and skin lesions, but they failed to

diagnose her problem.  (*Id*.)  Rather, she asserts that they fraudulently made a diagnosis of a

psychological disorder, possibly due to reports from police about stalking and harassment.  (*Id*.)

---

[2]      The facts set forth in this Memorandum are taken from Kosiba's Complaint (ECF No. 2),
which consists of the Court's form complaint available for use by *pro se* litigants to file cases, as
well as handwritten pages.  The Court adopts the pagination assigned to the entire Complaint by
the CM/ECF docketing system.

She was again treated at TJUH in Philadelphia on October 7, 2021, due to a work incident at T.J. Maxx involving a seizure, a bone fracture in her face, a myocardial infarction, and cardiomyopathy. (*Id*. at 10.) She claims she was again fraudulently diagnosed with a psychological disorder. (*Id*.) She was treated at TJUH for five days in July 2021 for a myocardial infarction, and a psychologic disorder. (*Id*.) She asserts she slept the entire time she was a patient and suffered a battery when doctors performed an operation on her eye orbits that made her eyes smaller and closer together and left her with brown discoloration and bruises and a hump in her nose. (*Id*. at 10-11.) On the last day she was there, a cleaning person allegedly spread poison ivy on her bed sheets, resulting in a rash that caused her to return to the hospital. (*Id*. at 11.) Kosiba next visited TJCH on July 27, 2021, where she was again allegedly fraudulently diagnosed with a mental health problem. (*Id*. at 12.) She asserts that hospital employees failed to observe her, resulting in injury. (*Id*.) She goes on to assert that this injury was connected to the disappearance of her husband in 2009 and obstruction of justice by the Cherry Hill Police Department. (*Id*. at 13.) Kosiba apparently asserts that her daughter's appearance changed in connection to her daughter being isolated from her by the Cherry Hill Board of Education due to racial segregation. (*Id*.)

In December 2021, she was again allegedly harassed in T.J. Maxx and was wrongly fired, apparently in violation of the ADA. (*Id.* at 14.) She could not receive unemployment benefits and could not pay her rent. (*Id*.) On March 3, 2023, her landlord began an eviction proceeding and was represented by Defendant Lori Greenberg and Associates. (*Id*.)

Kosiba asserts a claim against ABCE arising from a visit on July 1, 2022 to its location in Cherry Hill. She alleges she was followed, the appointment was unprofessional, and she suffered malpractice. (*Id*. at 15.) She later returned the eyeglasses she received and was again followed by

young people.  (*Id*.)  Finally, on September 13, 2022, Kosiba was allegedly taken to Virtua in Camden, New Jersey, where she was misdiagnosed with COVID, when she claims that she had actually been pepper sprayed.  (*Id*.)  Kosiba seeks money damages on all claims.

## II.    STANDARD OF REVIEW

The Court grants Kosiba leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if it is frivolous, malicious, or fails to state a claim.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  *Id.*  Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless[,]" including claims that describe "fantastic or delusional scenarios[.]"  *Id.* at 327.  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).   A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

The Court must also dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's]

favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.  As Kosiba is proceeding *pro se*, the Court construes her allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Finally, when allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.");  *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III.    DISCUSSION

Kosiba seeks to assert constitutional claims, federal statutory claims, and state law claims. Preliminarily, the Court notes that many of the facts that Kosiba alleges rise to the level of the irrational or the wholly incredible.  *Denton*, 504 U.S. at 33.  This includes her claims that she was held as a slave, she is of royal parentage, a hospital cleaning person spread poison ivy on her bed sheets, and her daughter's physical appearance was changed so that Kosiba would not recognize

her.   The Court will dismiss claims based on these frivolous assertions—specifically the conclusory claim against Wainco LLC that it held her in slavery—and will conduct a statutory screening of her remaining claims.

### A.      Constitutional Claims

The vehicle by which constitutional claims may be asserted in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### 1.      The Cherry Hill Police Department

Kosiba has named the Cherry Hill Police Department as a Defendant.  Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978), courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions.  *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993).  Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not.  *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Thompson v. State of N.J.*, No. 05-4420, 2005 WL 2406100, at *3 (D.N.J. Sept. 28, 2005) (holding that a New Jersey police department is not a "person" subject to suit under 42 U.S.C. § 1983).  Therefore, the Cherry Hill Police Department is not a proper defendant in this case under § 1983 and is dismissed with prejudice.

### 2.      Lori Greenberg & Associates

Kosiba has also named Lori Greenberg & Associates as a Defendant, apparently because the law firm represented her landlord in an eviction proceeding.  To the extent Kosiba seeks to assert a constitutional claim against the law firm, the claim is dismissed with prejudice.  "Attorneys performing their traditional functions will not be considered state actors [subject to liability for constitutional claim under § 1983] solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999).  *See also Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that a court-appointed attorney is not a state actor for purposes of § 1983); *Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983."); *Singh v. Freehold Police Dep't*, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff['s] dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a civil rights claim against him.").  Rather, "before private persons can be considered state actors for purposes of section 1983, the state must significantly contribute to the constitutional deprivation."  *Angelico*, 184 F.3d at 278 (quoting *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1266 (3d Cir. 1994)).  Since Kosiba fails to allege any facts under which the Court could plausibly hold that Lori Greenberg & Associates was a state actor due to the representation of a private client in an eviction proceeding, the claim is dismissed with prejudice.

3.      **TJUH, its Emergency Department, TJCH, T.J. Maxx, Virtua, and ABCE**

To the extent Kosiba seeks to assert constitutional claims against TJUH, its Emergency Department and TJCH, as well as T.J. Maxx, and Virtua, these claims are also not plausible. Whether a private entity is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). "Action taken by private entities with the mere approval or acquiescence of the State is not state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999). Rather, to support a finding of state action, "the government must be 'responsible for the specific conduct of which the plaintiff complains.'" *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). The test imposed for determining whether a private party is exercising a traditionally exclusive public function is "a rigorous standard that is rarely satisfied for while many functions have been traditionally performed by governments, very few have been exclusively reserved to the State." *Robert S. v. Stetson Sch., Inc.*, 256 F.3d 159, 165-66 (3d Cir. 2001) (internal quotations and alterations omitted) (holding that private school at which plaintiff was placed as a minor by

8

the Department of Human Services was not a state actor); *see also Leshko*, 423 F.3d at 347 (foster

parents were not exercising a traditionally exclusive public function and were not state actors

despite contractual relationship with social services agency).  Because Kosiba fails to provide a

factual basis upon which the Court could plausibly conclude that TJUH, its Emergency

Department and TJCH, as well as T.J. Maxx, Virtua, and ABCE qualify as state actors subject to

liability under § 1983, her claims against these entities must be dismissed.

      **B.**      **HIPAA Claim**

      Kosiba also cites the HIPAA law as a basis for federal jurisdiction.  However, there is no

federal private right of action under HIPAA.  *See Dodd v. Jones,* 623 F.3d 563, 569 (8th Cir.

2010); *Webb v. Smart Document Solutions, LLC,* 499 F.3d 1078, 1082 (9th Cir. 2007); *Acara v.*

*Banks,* 470 F.3d 569 (5th Cir. 2006); *Altavilla v. Geisinger Wyoming Valley Med. Ctr.*, No. 17-

1704, 2018 WL 1630961, at *2 (M.D. Pa. Mar. 12, 2018), *report and recommendation*

*adopted,* 2018 WL 1629870 (M.D. Pa. Apr. 4, 2018) ("'The ability to bring an enforcement action

to remedy HIPAA violations, and ensure that a healthcare provider is HIPAA compliant, lies

within the exclusive province of the Secretary of Health and Human Services, not the hands of

private citizens.'" (quoting *Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451, 469 (D.N.J. 2013)).

Accordingly, all claims for money damages asserting violations of HIPAA are dismissed with

prejudice.

      **C.**      **Other Federal Claims**

      Kosiba names T.J. Maxx and asserts that she was formerly employed there.  She claims

she was harassed by a manager, which the Court understands as an attempt to assert a hostile

workplace claim, and that she was fired in violation of the ADA.  Kosiba's employment discrimination claims are not plausible.

To plead a hostile work environment claim, a plaintiff must allege: (1) she suffered intentional discrimination because of membership in a protected class; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected her; (4) it would have detrimentally affected a reasonable person in like circumstances; and (5) a basis for employer liability is present.  *Starnes v. Butler Cnty. Ct. of Common Pleas, 50th Jud. Dist.*, 971 F.3d 416, 428 (3d Cir. 2020) (alterations, internal quotations, and citations omitted); *Felder v. Penn Mfg. Indus., Inc.*, 303 F.R.D. 241, 243 (E.D. Pa. 2014).  However, "Title VII imposes no general civility code" as it "does not reach the ordinary tribulations of the workplace, for example, sporadic use of abusive language or generally boorish conduct."  *Vance v. Ball State Univ.*, 570 U.S. 421, 452 (2013) (internal quotations omitted).

Kosiba fails to allege that she is a member of a protected class or that the complained about unlawful discrimination occurred because of her membership in a protected class.  In the absence of such facts, Kosiba has not plausibly alleged claims for employment discrimination, hostile work environment, or retaliation.  *See, e.g.*, *Favors v. Sec'y United States Dep't of Veterans Affs.*, 695 F. App'x 42, 44 (3d Cir. 2017) (*per curiam*) (affirming dismissal of Title VII race discrimination claim where plaintiff "included no allegations whatsoever linking his termination to his race"); *Santos*, 593 F. App'x at 119 (affirming dismissal of national origin discrimination claim where plaintiff had "submitted nothing but the naked assertion that he was discharged because he is Honduran").

To state a claim for employment discrimination under the ADA, a plaintiff must allege that she is a "qualified individual with a disability" within the meaning of the ADA, and that she

Case 2:23-cv-02730-MSG   Document 6   Filed 09/20/23   Page 11 of 13

suffered an adverse employment decision as a result of the discrimination. *Tice v. Ctr. Area Transp. Auth.*, 247 F.3d 506, 511-12 (3d Cir. 2001). Kosiba has also failed to allege any facts to support a plausible ADA claim. Accordingly, any federal law claim asserted against T.J. Maxx is also dismissed.

### D.      State Law Claims

Kosiba also asserts state law claims against each Defendant. Because the Court has dismissed her federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that

the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at \*8 (E.D. Pa. June 26, 2020).

Kosiba alleges that she is a citizen of New Jersey.  (Compl. at 4.)  While she has checked the box on the form used to file her Complaint indicating that she seeks to invoke the Court's diversity jurisdiction, she has provided Pennsylvania addresses for TJUH and its Emergency Department only, while providing New Jersey addresses for each of the other Defendants.  This suggests that Kosiba and some, if not all, of the Defendants may be New Jersey citizens. Accordingly, Kosiba has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims she intends to pursue.  These claims will be dismissed without prejudice for lack of subject matter jurisdiction.  Kosiba will be permitted to amend these claims if she can cure the noted deficiency.

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss Kosiba's Complaint in part with prejudice and in part without prejudice.  All claims brought pursuant to HIPAA, all claims against Wainco LLC based the allegation that it held Kosiba in slavery, and all constitutional claims against the Cherry Hill Police Department and Lori Greenberg & Associates are dismissed with prejudice since amendment of these claims would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002) (stating that dismissals of claims do not require leave to amend where the attempt "is inequitable or futile").  The constitutional claims against TJUH, its Emergency Department, TJCH, T.J. Maxx, Virtua, and ABCE are dismissed without prejudice and Kosiba will be given leave to file an amended complaint if she is capable of curing the defects identified in these constitutional claims.  The balance of the claims against T.J. Maxx concerning Kosiba's employment are also dismissed without prejudice and with leave to amend.  Her state law claims

are dismissed for lack of subject matter jurisdiction.  An appropriate Order with additional information on amendment follows.[3]

---

[3]      Because Kosiba's Complaint is dismissed, her motion to appoint counsel will be denied.