IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BOZENA KOSIBA,** : | |
|     **Plaintiff,** : | |
| : | |
| **v.** : | **CIVIL ACTION NO. 23-CV-2730** |
| : | |
| **THOMAS JEFFERSON UNIVERSITY** : | |
| **HOSPITAL.,** *et al.* : | |
|     **Defendants.** : | |

## ORDER

**AND NOW**, this 20th day of September, 2023, upon consideration of Plaintiff Bozena Kosiba's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Complaint (ECF No. 2), and Motion to Appoint Counsel (ECF No. 3), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. The Complaint is **DEEMED** filed.

3. The Clerk of Court is **DIRECTED** to amend the name of Defendant "Amerycan Best Contact Eyeglasses" to read "America's Best Contacts and Eyeglasses," and to add Defendant Wainco LLC as a Defendant.

4. The Complaint is **DISMISSED IN PART WITH PREJUDICE AND WITHOUT PREJUDICE** for the reasons in the Court's Memorandum as follows:

    a. All claims brought pursuant to the Health Insurance Portability and Accountability Act of 1996, all claims against Wainco LLC, and all constitutional claims against the Cherry Hill Police Department and Lori Greenberg & Associates are **DISMISSED WITH PREJUDICE**.

    b. The constitutional claims against Thomas Jefferson University Hospital, the Emergency Department at Thomas Jefferson University Hospital, Thomas Jefferson Hospital in Cherry Hill, New Jersey, the Cherry Hill Police Department, T.J. Maxx, Virtua Our Lady of

Lourdes Hospital, and America's Best Contacts and Eyeglasses are **DISMISSED WITHOUT PREJUDICE**.

   c. All other federal law claims against Defendant T.J. Maxx concerning Kosiba's employment are **DISMISSED WITHOUT PREJUDICE**.

   d. All state law claims against all Defendants are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

5. The Clerk of Court is **DIRECTED** to terminate Wainco LLC as a Defendant.

6. Kosiba's Motion to Appoint Counsel is **DENIED**.

7. Kosiba may file an amended complaint within thirty (30) days of the date of this Order as to any claim not dismissed with prejudice. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Kosiba's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting her amended complaint, Kosiba should be mindful of the Court's reasons for dismissing the claims in her initial Complaint as explained in the Court's Memorandum. Kosiba may not reassert any claim that has already been dismissed with prejudice. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8. The Clerk of Court is **DIRECTED** to send Kosiba a blank copy of the Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Kosiba may use this form to file her amended complaint if she chooses to do so.[1]

9. If Kosiba does not wish to amend her Complaint and instead intends to stand on

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents2/forms/forms-pro-se.

her Complaint as originally pled, she may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

10. If Kosiba fails to file any response to this Order, the Court will conclude that Kosiba intends to stand on her Complaint and will issue a final order dismissing this case.[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).